Opinion by
Hurt, J.
§ 499. Conversion of property; facts which are held do not constitute a conversion. Silliman held a deed of trust on a certain iron safe to secure a debt due him by one Martin, said deed dated February*22, 1876. On July 12, 1877, the safe was sold under this deed of trust, and Silliman purchased it. Prior to this, on June 25, 1877, the safe had been sold under an execution against Martin, and at that sale Gammage purchased it, having actual knowledge at the time of Silliman’s deed of trust thereon. At the times of these sales, one Shumate had possession of the safe, holding it as the agent of Martin. When the safe was sold under execution, it was pointed *445 out to Gam mage’s agent, and he was told by the constable selling it, that he then delivered the same to him as Gammage’s property. In the latter part of June, 1877, Gammage sold the safe to Nathan for $75. Shumate refused to deliver the safe to Nathan or to Gammage. On July 2, 1877, Gammage sequestered it,— Silliman sought to intervene in the sequestration suit, but was not allowed to do so. Gammage recovered judgment against Shumate for the safe, or its value, $75, and also against Silliman, the surety upon Shumate’s replevy bond. On November 22, 1877, Shumate delivered the safe to Gammage, and Gammage thereupon receipted the judgment which he had against Shumate and Silliman. Shumate delivered the safe, to Gammage without the knowledge or consent of Silliman. The trial judge concluded, upon this state of facts, that Silliman had no cause of action against Gammage, but should have followed the safe, it having all the time remained where he could have reached it. Held: The judgment in favor of Gammage against Shumate was a valid and subsisting judgment, and was discharged by the delivery of the safe to Gammage. And whether the delivery of the safe was with, or without, the consent of appellant, its effect was to discharge a legal judgment against appellant, and though the legal title to the safe was in appellant, the reception by Gammage, of the safe, in discharge of his judgment, did not constitute a conversion of the property by him. There was no such conversion of the property by Gammage as renders him liable to Silliman for the conversion of it.
December 6, 1884
Affirmed.